## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased | : | Case No:  2:25-cv-00985-GAW |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, Jonathan Bleier, Sorah Bleier, Joel Schwartz, Leah Sod, and John Does 1-4, | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### ANSWER WITH NEW MATTER OF DEFENDANTS, LANCASTER OPERATING, LLC D/B/A SAUNDERS NURSING AND REHABILITATION CENTER, PREMIER HEALTHCARE MANAGEMENT, JONATHAN BLEIER, SORAH BLEIER, JOEL SCHWARTZ, AND LEAH SOD, TO PLAINTIFF'S COMPLAINT

Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, by and through their counsel, Marshall Dennehey, P.C., answer  the Complaint of Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, as follows:

1. Admitted.

2. Denied as stated. The referenced Philadelphia County action and docket, being in writing, speak for themselves. By way of further response, Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 2.  Therefore, those averments are denied and strict proof is demanded at trial.

3. Admitted.

4. Admitted in part; denied in part. It is admitted that Plaintiff, Anna M. White-Gary, is the Administratrix of the Estate of Alethia M. Stevens, Deceased. It is denied that Plaintiff is entitled to recovery against Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod.

5. Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 5. Therefore, those averments are denied and strict proof is demanded at trial.

6. Denied as stated. Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, is a Pennsylvania limited liability company with a nursing facility located at 100 E. Lancaster Avenue, Wynnewood, Pennsylvania 19096. Defendant, Lancaster Operating, LLC, operates the nursing facility doing business as Saunders Nursing and Rehabilitation Center. By way of further response, it is admitted that Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, has asserted a professional liability claim against Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center. It is denied that there is any basis for such a claim.

7. Denied. Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, implemented and utilized proper record keeping and documentation procedures. The polices, procedures, and protocols of Saunders Nursing and Rehabilitation Center were properly formulated, adopted, monitored and enforced. By way of further response, the agents, ostensible agents, servants, workmen, physicians, nurses, nurses aides, employees,

facility administrators referenced in paragraph 7 are not identified, and therefore, defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, is without knowledge or information sufficient to form a belief as to the truth of those averments in Paragraph 7, and strict proof is demanded.

8.      Denied as stated.  Defendant, Premier Healthcare Management, LLC, is a New York limited liability company with a place of business at 199 Community Drive, Great Neck, NY 11021.  Defendant, Premier Healthcare Management, LLC, does not own or operate any senior living or nursing facility, including the facility doing business as Saunders Nursing and Rehabilitation Center and did not provide healthcare services to Alethia M. Stevens.   By way of further response, it is admitted that Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, has asserted a professional liability claim against Defendant, Premier Healthcare Management, LLC. It is denied that there is any basis for such a claim.

9.      Denied.  Defendant, Premier Healthcare Management, LLC, does not own or operate any senior living or nursing facility, including the facility doing business as Saunders Nursing and Rehabilitation Center and did not provide healthcare services to Alethia M. Stevens. By way of further response, Saunders Nursing and Rehabilitation Center implemented and utilized proper record keeping and documentation procedures.  The polices, procedures, and protocols of Saunders Nursing and Rehabilitation Center were properly formulated, adopted, monitored and enforced.  By way of further response, the agents, ostensible agents, servants, workmen, physicians, nurses, nurses aides, employees, facility administrators referenced in paragraph 8 are not identified, and therefore, defendant, Premier Healthcare Management, LLC, is without knowledge or information sufficient to form a belief as to the truth of those averments in Paragraph 9, and they are therefore denied and strict proof is demanded.

10.     Denied as stated.  Defendant, Jonathan Bleier, is a New York citizen and does not own, operate, or manage the facility doing business as Saunders Nursing and Rehabilitation Center.  Defendant, Jonathan Bleier, did not provide healthcare services to Alethia M. Stevens, and is not personally, jointly, and/or vicariously liable for any claims brought by Plaintiff. By way of further response, the agents, employees, servants, contractors, staff, and/or partners referenced in paragraph 10 are not identified, and therefore, defendant, Jonathan Bleier, is without knowledge or information sufficient to form a belief as to the truth of those averments in Paragraph 10, and they are therefore denied and strict proof is demanded.

11.     Denied as stated.  Defendant, Sorah Bleier, is a New York citizen with an indirect membership interest in Lancaster Operating, LLC. Defendant, Sorah Bleier, does not operate or manage the facility doing business as Saunders Nursing and Rehabilitation Center.  Defendant, Sorah Bleier, did not provide healthcare services to Alethia M. Stevens, and is not personally, jointly, and/or vicariously liable for any claims brought by Plaintiff. By way of further response, the agents, employees, servants, contractors, staff, and/or partners referenced in paragraph 10 are not identified, and therefore, Defendant, Sorah Bleier, is without knowledge or information sufficient to form a belief as to the truth of those averments in Paragraph 11, and they are therefore denied and strict proof is demanded.

12.     Denied as stated.  Defendant, Joel Schwartz, is a New York citizen with an indirect membership interest in Lancaster Operating, LLC. Defendant, Joel Schwartz, does not operate or manage the facility doing business as Saunders Nursing and Rehabilitation Center. Defendant, Joel Schwartz, did not provide healthcare services to Alethia M. Stevens, and is not personally, jointly, and/or vicariously liable for any claims brought by Plaintiff. By way of further response, the agents, employees, servants, contractors, staff, and/or partners referenced in

paragraph 12 are not identified, and therefore, defendant, Joel Schwartz, is without knowledge or information sufficient to form a belief as to the truth of those averments in Paragraph 11, and they are therefore denied and strict proof is demanded.

13.     Denied as stated.  Defendant, Leah Sod, is a New York citizen with an indirect membership interest in Lancaster Operating, LLC. Defendant, Leah Sod, does not operate or manage the facility doing business as Saunders Nursing and Rehabilitation Center.  Defendant, Leah Sod, did not provide healthcare services to Alethia M. Stevens, and is not personally, jointly, and/or vicariously liable for any claims brought by Plaintiff. By way of further response, the agents, employees, servants, contractors, staff, and/or partners referenced in paragraph 12 are not identified, and therefore, Defendant, Leah Sod, is without knowledge or information sufficient to form a belief as to the truth of those averments in Paragraph 13, and they are therefore denied and strict proof is demanded.

14.     Denied.  The averments in paragraph 14 are addressed to another party and as such no response is required and the same is denied.

15.     Denied as stated. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, fully complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

16.     Denied. Defendant, Lancaster Operating, LLC, is the state licensed facility operator of the facility doing business as Saunders Nursing and Rehabilitation, and all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and

Rehabilitation Center, fully complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

17.    Denied as stated. Defendant, Lancaster Operating, LLC, is the state licensed facility operator of the facility doing business as Saunders Nursing and Rehabilitation Center. The facility is for profit.

18.    Denied as stated. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, fully complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.  By way of further response, the agents, servants, and/or employees referenced in paragraph 17 are not identified, and therefore, Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments in Paragraph 17, and they are therefore denied and strict proof is demanded.

19.    Denied as stated. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, provided reasonable care and healthcare services and fully complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders

Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

20.	Denied as stated. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, fully complied with the standard of care and employed competent staff. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

21.	Denied. Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, appropriately trained and supervised their employees providing care and treatment to decedent Alethia M. Stevens. Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, was not negligent and fully complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

22.	Denied. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, complied with OBRA and the standard of care and all applicable laws. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

23.     Denied as stated. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, fully complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

24.     Denied. Decedent, Alethia M. Stevens, as well as Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, were responsible for medical decision making of Alethia M. Stevens.  Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens. Because the agents, officers, servants and /or employees referenced in paragraph 23 are not identified, Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod are without knowledge or information sufficient to form a belief as to the truth of these averments in Paragraph 23, and they are therefore denied and strict proof is demanded.

25.     Denied as stated. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, fully complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens. Because the agents, officers,

servants and /or employees referenced in paragraph 24 are not identified, Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod are without knowledge or information sufficient to form a belief as to the truth of these averments in Paragraph 24, and they are therefore denied and strict proof is demanded.

26.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent, careless, or reckless and did not cause any claimed injuries or damages to decedent, Alethia M. Stevens and Plaintiff, Anna M. White-Gary. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens. Because the agents, officers, servants and /or employees referenced in paragraph 25 are not identified, Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod are without knowledge or information sufficient to form a belief as to the truth of these averments in Paragraph 25, and they are therefore denied and strict proof is demanded.

27.    Denied. Defendant, Lancaster Operating, LLC, is the state licensed facility operator of the facility doing business as Saunders Nursing and Rehabilitation Center. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel

Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

28.    Denied. Defendant, Lancaster Operating, LLC, is the state licensed facility operator of the facility doing business as Saunders Nursing and Rehabilitation Center. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

29.    Denied as stated. Appropriate testing and services were performed and all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

30.    Denied as stated. Appropriate assessments were conducted. By way of further response, Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

31.    Denied as stated. An appropriate care plan for Alethia M. Stevens was developed and implemented. By way of further response, Defendants, Premier Healthcare Management,

LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

32.    Denied as stated. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

33.    Denied as stated. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

34.    Denied as stated. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

35.    Denied as stated. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens

complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

36.    Denied as stated. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

37.    Denied as stated. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

38.    Denied. The medical records, being in writing, speak for themselves.

39.    Denied. The medical records, being in writing, speak for themselves.

40.    Denied. The medical records, being in writing, speak for themselves.

41.    Denied. The medical records, being in writing, speak for themselves.

42.    Denied. The medical records, being in writing, speak for themselves.

43.    Denied. The medical records, being in writing, speak for themselves. By way of further response, all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a

Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard

of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel

Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the

provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any

care or treatment to decedent, Alethia M. Stevens.

44.     Denied. The medical records, being in writing, speak for themselves.

45.     Denied. The medical records, being in writing, speak for themselves.

46.     Denied. The medical records, being in writing, speak for themselves. By way of

further response, documentation was appropriate.

47.     Denied. The medical records, being in writing, speak for themselves.

48.     Denied. The medical records, being in writing, speak for themselves.

49.     Denied. The medical records, being in writing, speak for themselves.

50.     Denied. The medical records, being in writing, speak for themselves.

51.     Denied. The medical records, being in writing, speak for themselves.

52.     Denied. The medical records, being in writing, speak for themselves. By way of

further response, interventions were appropriate and all care and treatment provided by

Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to

Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare

Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate,

manage healthcare services, or otherwise control the provision of healthcare services at Saunders

Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M.

Stevens.

53.     Denied. The medical records, being in writing, speak for themselves.

54. Denied. The medical records, being in writing, speak for themselves.

55. Denied. The medical records, being in writing, speak for themselves. By way of further response, documentation and assessments were appropriate and all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

56. Denied. The medical records, being in writing, speak for themselves.

57. Denied. The medical records, being in writing, speak for themselves. By way of further response, all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

58. Denied. The medical records, being in writing, speak for themselves.

59. Denied. The medical records, being in writing, speak for themselves.

60. Denied. The medical records, being in writing, speak for themselves.

61. Denied. The medical records, being in writing, speak for themselves.

62. Denied. The medical records, being in writing, speak for themselves. By way of further response, interventions were appropriate and all care and treatment provided by

Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

63.    Denied. The medical records, being in writing, speak for themselves.

64.    Denied. The medical records, being in writing, speak for themselves. By way of further response, interventions and documentation were appropriate and all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

65.    Denied. The medical records, being in writing, speak for themselves.

66.    Denied. The medical records, being in writing, speak for themselves.

67.    Denied. The medical records, being in writing, speak for themselves.

68.    Denied. The medical records, being in writing, speak for themselves. By way of further response, interventions were appropriate and all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate,

manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

69.    Denied. The medical records, being in writing, speak for themselves.

70.    Denied. The medical records, being in writing, speak for themselves.

71.    Denied. The medical records, being in writing, speak for themselves. By way of further response, documentation and interventions were appropriate and all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

72.    Denied. The medical records, being in writing, speak for themselves. By way of further response, documentation and interventions were appropriate and all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

73.    Denied. The medical records, being in writing, speak for themselves. By way of further response, documentation and interventions were appropriate and all care and treatment

provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

74. Denied. The medical records, being in writing, speak for themselves.

75. Denied. The medical records, being in writing, speak for themselves.

76. Denied. The medical records, being in writing, speak for themselves.

77. Denied. The medical records, being in writing, speak for themselves. By way of further response, documentation and interventions were appropriate and all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

78. Denied. The medical records, being in writing, speak for themselves.

79. Denied. The medical records, being in writing, speak for themselves.

80. Denied. The medical records, being in writing, speak for themselves.

81. Denied. The medical records, being in writing, speak for themselves.

82. Denied. The medical records, being in writing, speak for themselves.

83. Denied. The medical records, being in writing, speak for themselves.

84.    Denied. The medical records, being in writing, speak for themselves. By way of further response, documentation and interventions were appropriate and all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

85.    Denied. The medical records, being in writing, speak for themselves. By way of further response, documentation and interventions were appropriate and all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

86.    Denied. The medical records, being in writing, speak for themselves. By way of further response, documentation and interventions were appropriate and all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services

at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

87.    Denied. The medical records, being in writing, speak for themselves. By way of further response, documentation and interventions were appropriate and all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

88.    Denied. The medical records, being in writing, speak for themselves.

89.    Denied. The medical records, being in writing, speak for themselves. By way of further response, documentation and interventions were appropriate and all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

90.    Denied. The medical records, being in writing, speak for themselves.

91.    Denied. The medical records, being in writing, speak for themselves.

92.    Denied. The medical records, being in writing, speak for themselves.

93.    Denied. The medical records, being in writing, speak for themselves.

94.     Denied. The medical records, being in writing, speak for themselves.

95.     Denied. The medical records, being in writing, speak for themselves.

96.     Denied. The medical records, being in writing, speak for themselves. By way of further response, documentation and interventions were appropriate and all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

97.     Denied. The medical records, being in writing, speak for themselves.

98.     Denied. The medical records, being in writing, speak for themselves.

99.     Denied. The medical records, being in writing, speak for themselves.

100.    Denied. The medical records and death certificate, being in writing, speak for themselves.

101.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent, did not neglect or abuse Alethia M. Stevens, and did not cause any claimed injuries or damages to decedent, Alethia M. Stevens and Plaintiff, Anna M. White-Gary. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise

control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

102.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent, did not neglect or abuse Alethia M. Stevens, and did not cause any claimed injuries or damages to decedent, Alethia M. Stevens and Plaintiff, Anna M. White-Gary. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

103.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent, did not neglect or abuse Alethia M. Stevens, and did not cause any claimed injuries or damages to decedent, Alethia M. Stevens and Plaintiff, Anna M. White-Gary. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

104.    Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, incorporate by reference their Answer to Paragraphs 1-103 of the Complaint.

105.    Denied. The medical records, being in writing, speak for themselves.

106.    Denied as stated. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens. Because the agents, servants, employees, and/or representatives referenced in paragraph 106 are not identified, Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod are without knowledge or information sufficient to form a belief as to the truth of these averments in Paragraph 106, and they are therefore denied and strict proof is demanded.

107.    Denied. The medical and billing records, being in writing, speak for themselves. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

108.    Denied. The medical and billing records, being in writing, speak for themselves. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

109.    Denied as stated. Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, does not operate a hospital, but rather a skilled nursing facility. By way of further response, all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

110.    Denied as stated. Defendant, Lancaster Operating, LLC is the state licensed operator of the facility doing  business as Saunders Nursing and Rehabilitation Center. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

111.    Denied. Defendant, Lancaster Operating, LLC is the state licensed operator of the facility doing business as Saunders Nursing and Rehabilitation Center. Defendants, Premier

Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

112.    Denied. Defendant, Lancaster Operating, LLC is the state licensed operator of the facility doing  business as Saunders Nursing and Rehabilitation Center. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

113.    Denied. Defendant, Lancaster Operating, LLC is the state licensed operator of the facility doing business as Saunders Nursing and Rehabilitation Center. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

114.    Denied. The referenced citations, being in writing, speak for themselves. By way of further response, all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

115.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent, careless, or reckless, did not neglect or abuse decedent, Alethia M. Stevens, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

116.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

117.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent and did not act carelessly, or recklessly, intentionally, outrageously, willfully, or wantonly, or with reckless indifference, and did not neglect or abuse decedent, Alethia M. Stevens, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

118.    Denied as stated. Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, does not operate a hospital, but rather a skilled nursing facility. By way of further response, all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

119.    Denied. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

120.    Denied. The facility was appropriately staffed and all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

121.    Denied. The facility was appropriately staffed and all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

122.    Denied. Alethia M. Stevens was appropriately admitted and all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier

Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

123.    Denied. Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, appropriately admitted the resident and staffed the facility.  All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

124.    Denied. Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, provided appropriate resources, including proper staff, services and supplies.  All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

125.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent, careless, or reckless, and did not cause plaintiff

or plaintiff's decedent any claimed injuries or damages. By way of further response, Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, appropriately staffed and trained the facility.  All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

126.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent, careless, or reckless, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages or increase the risk of harm to Alethia M. Stevens.

127.    Denied as stated. Defendant, Lancaster Operating, LLC is the state licensed operator of the facility doing business as Saunders Nursing and Rehabilitation Center. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

128.    Denied. Because the alleged managers, members, partners, officers, agents, servants and employees of Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, are not specifically identified, after reasonable investigation,

answering defendants are without knowledge or information to form a belief as to the truth of the averments in paragraph 128 and as such, the same is denied with strict proof demanded at trial.

129.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent, careless, or reckless and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

130.    Denied as stated. Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, does not operate a hospital, but rather a skilled nursing facility. By way of further response, all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

## COUNT I

131.    Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, incorporate by reference their Answer to Paragraphs 1-130 of the Complaint.

132.    Denied. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise

control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

133. Denied as stated. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

134. Denied. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

135. Denied as stated. Staff was appropriately trained and supervised. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

136. Denied. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the

standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

137.    Denied.  Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent and did not cause any injuries to plaintiff's decedent, Alethia M. Stevens. By way of further response, Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, further states:

    i)      The facility was appropriately maintained;

    ii)     Staff were appropriately hired or trained;

    iii)    Staff were appropriately monitored and supervised;

    iv)    Staff were appropriately trained;

    v)     The facility was appropriately staffed and funded;

    vi)    Appropriate rules, policies, procedures and protocols were adopted and enforced;

    vii)   All care and treatment provided to Alethia M. Stevens complied with the standard of care;

    viii)  Alethia M. Stevens was not neglected or abused;

    ix)    The facility was appropriately maintained;

    x)     all care and treatment provided to Alethia M. Stevens complied with the standard of care.

138.    Denied. Because the alleged agents, servants, officers, and employees of Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center,

Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, are not specifically identified, after reasonable investigation, answering defendants are without knowledge or information to form a belief as to the truth of the averments in paragraph 138 and as such, same is denied with strict proof demanded at trial.

139.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages. By way of further response, Defendant, Lancaster Operating, LLC, further states:

a. All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

b. All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

c. All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

d. All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

e. All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

f. All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

g. All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

h.  All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care; the facility appropriately documented;

i.  All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

j.  All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

k.  All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

l.  All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

m.  All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

n.  All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care; the facility did not cause the development or deterioration of pressure injuries;

o.  All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

p.  All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

q.  All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

r.  All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care; documentation was accurate and appropriate;

s.  All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

t.  All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

u.  All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

v.  All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care; the facility did not cause the need for repeat debridements;

w.  All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

x.  All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

y.  All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

z.  All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care; the facility did not cause weight loss;

aa.  All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care; the facility did not cause a stage 3 pressure injury to Alethia Stevens' left thigh;

bb. All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care; the facility did not cause a stage 4 pressure injury to Alethia Stevens' left foot;

cc. All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care; the facility did not cause a stage 4 pressure injury to Alethia Stevens' left heel/Achilles area;

dd. All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care; the facility did not cause two stage 3 pressure injury to Alethia Stevens' left buttock;

ee. All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care; the facility did not cause a sacral deep tissue pressure injury;

ff. All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care; the facility did not cause osteomyelitis;

gg. All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care; the facility did not cause e. coli bacteremia;

hh. All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care; the facility did not cause renal failure;

ii. All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care; the facility did not cause sepsis;

jj. All care and treatment provided to Alethia M. Stevens complied with the standard of care; the facility did not cause decedent's death;

kk. All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care; assessments were appropriate;

ll. All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care; assessments were appropriate;

mm.    All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care;

nn. All care and treatment provided to Alethia M. Stevens was appropriate and complied with the standard of care; staff was properly hired, trained, and supervised;

oo. staff was properly hired, trained, and supervised;

pp. Facility staff were competent and properly monitored;

qq. All care and treatment provided to Alethia M. Stevens complied with the standard of care; appropriate policies, procedures, and protocols were formulated, adopted, and enforced;

rr. All care and treatment provided to Alethia M. Stevens complied with the standard of care; appropriate policies, procedures, and protocols were formulated, adopted, and enforced;

ss. All care and treatment provided to Alethia M. Stevens complied with the standard of care; appropriate policies, procedures, and protocols were formulated, adopted, and enforced;

tt. All care and treatment provided to Alethia M. Stevens complied with the standard of care; the facility was appropriately administered;

uu. All care and treatment provided to Alethia M. Stevens complied with the standard of care; care plans were appropriately developed, reviewed, and revised;

vv. All care and treatment provided to Alethia M. Stevens complied with the standard of care; the facility was appropriately staffed;

ww.    All care and treatment provided to Alethia M. Stevens complied with the standard of care; the facility complied with applicable rules, regulations, and laws;

xx. All care and treatment provided to Alethia M. Stevens complied with the standard of care; the facility was adequately staffed;

yy. All care and treatment provided to Alethia M. Stevens complied with the standard of care; facility staff was appropriately selected, retained, and monitored;

zz. All care and treatment provided to Alethia M. Stevens complied with the standard of care; Alethia M. Stevens was not neglected or abused;

aaa.    Employees were properly trained and supervised and appropriate procedures and protocols were in place; all care and treatment provided to Alethia M. Stevens complied with the standard of care;

bbb.    Documentation was appropriate and not false or fraudulent;

ccc.    all care and treatment provided to Alethia M. Stevens complied with the standard of care;

ddd.    Documentation was appropriate;

eee.    The facility did not violate any statutes regulations or laws;

fff. The facility was appropriately staffed;

ggg.    All care and treatment provided to Alethia M. Stevens complied with the standard of care and employees were appropriately trained;

hhh.    the facility was appropriately funded;

iii. All care and treatment provided to Alethia M. Stevens complied with the standard of care; Alethia M. Stevens was not neglected or abused

jjj. All care and treatment provided to Alethia M. Stevens complied with the standard of care; Defendants were not negligent, careless or reckless;

kkk.    All care and treatment provided to Alethia M. Stevens complied with the standard of care; Defendants were not negligent, careless or reckless and did not cause plaintiff's or plaintiff's decedents alleged injuries or damages;

lll. All care and treatment provided to Alethia M. Stevens complied with the standard of care; Defendant, Lancaster Operating, LLC, did not act negligently, carelessly, or with reckless indifference to the safety and well-being of decedent, Alethia M. Stevens.

140.    Denied. Because the alleged owners, members, managers, officers, directors and partners are not specifically identified, after reasonable investigation, answering defendants are without knowledge or information to form a belief as to the truth of the averments in paragraph 140 and as such, same is denied with strict proof demanded at trial.

141.    Denied. Because the alleged physicians, nurses and other medical personnel of Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, are not specifically identified, after reasonable investigation, answering defendants are

without knowledge or information to form a belief as to the truth of the averments in paragraph 141 and as such, same is denied with strict proof demanded at trial. By way of further response, Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not employ any physicians.

142.    Denied. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

143.    Denied as stated. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

144.    Denied as stated. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

145.    Denied as stated. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

146.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent, careless, and did not act with wanton or willful disregard for decedent's health and did not cause Plaintiff's or plaintiff's decedent's claimed injuries and damages. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

147.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent, careless, and did not act with wanton or willful disregard for decedent's health and did not cause Plaintiff's or plaintiff's decedent's claimed injuries and damages.

148.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier,

Joel Schwartz, and Leah Sod, were not negligent, careless, or reckless and did not cause Plaintiff's or plaintiff's decedent's claimed injuries and damages.

149. Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent, careless, or reckless and did not cause Plaintiff's or plaintiff's decedent's claimed injuries and damages.

150. Denied. Pennsylvania Code Chapter 28, Section 201 et seq., is a statute which, being in writing, speaks for itself.

151. Denied. The referenced OBRA regulations, being in writing, speak for themselves. By way of further response, Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent and did not violate any OBRA regulations. Further:

(A) The referenced OBRA regulations, being in writing, speak for themselves;

(B) The referenced OBRA regulations, being in writing, speak for themselves;

(C) The referenced OBRA regulations, being in writing, speak for themselves;

(D) The referenced OBRA regulations, being in writing, speak for themselves;

(E) The referenced OBRA regulations, being in writing, speak for themselves;

(F) The referenced OBRA regulations, being in writing, speak for themselves;

(G) The referenced OBRA regulations, being in writing, speak for themselves;

(H) The referenced OBRA regulations, being in writing, speak for themselves;

(I) The referenced OBRA regulations, being in writing, speak for themselves; and

(J) The referenced OBRA regulations, being in writing, speak for themselves.

152. Denied. The OBRA regulations and Pennsylvania Code Chapter 28, Section 201 et seq.,, being in writing, speak for themselves. By way of further response, Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent or negligent per se, and did not violate any statutes or regulations.

153. Denied. 18. Pa.C.S.A. § 2713 is a statute which, being in writing, speaks for itself.

154. Denied. 18. Pa.C.S.A. § 2713 is a statute which, being in writing, speaks for itself.

155. Denied. 18. Pa.C.S.A. § 2713 is a statute which, being in writing, speaks for itself. By way of further response, all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care.

156. Denied. 18. Pa.C.S.A. § 2713 is a statute which, being in writing, speaks for itself. By way of further response, all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care and did not cause Plaintiff's or Plaintiff's decedent's claimed injuries or damages.

157. Denied. 18. Pa.C.S.A. § 2713 is a statute which, being in writing, speaks for itself. By way of further response, all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care and did not cause Plaintiff's or Plaintiff's decedent's claimed injuries or damages.

158. Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier,

Joel Schwartz, and Leah Sod, did not act negligently, intentionally, outrageously and willfully, or with reckless indifference to the health and safety of decedent, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

159.   Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not act negligently, intentionally, outrageously and willfully, or with reckless indifference to the health and safety of decedent, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages, and there is no basis for punitive damages.

WHEREFORE, for the foregoing reasons, Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, respectfully request that judgment be entered in their favor and that the Complaint of Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, be dismissed, with prejudice, together with costs of suit, counsel fees, and such other and further relief as this Court may deem to be just and proper under the circumstances.

## <u>COUNT II</u>

160.   Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, incorporate by reference their Answer to Paragraphs 1-159 of the Complaint.

161.   Denied. Because the alleged agents, servants, employees, and others of Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, are not specifically identified, after reasonable investigation, answering defendants are

without knowledge or information to form a belief as to the truth of the averments in paragraph 161 and as such, the same are denied with strict proof demanded at trial.

162.    Denied. Because the alleged agents, servants, employees, and others of Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, are not specifically identified, after reasonable investigation, answering defendants are without knowledge or information to form a belief as to the truth of the averments in paragraph 162 and as such, the same are denied with strict proof demanded at trial. By way of further response, all care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care and as such, there is no basis for liability under a theory of *Respondeat Superior*.

163.    Denied. Because the alleged agents, servants, employees, and others of Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, are not specifically identified, after reasonable investigation, answering defendants are without knowledge or information to form a belief as to the truth of the averments in paragraph 163 and as such, the same are denied with strict proof demanded at trial. By way of further response, Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not employ or direct physicians that provided care to Alethia M. Stevens. All care and treatment provided by Defendant, Lancaster Operating, LLC complied with the standard of care.

164.    Denied. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

165.    Denied as stated. Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, properly operated the facility.  Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

166.    Denied as stated. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

167.    Denied as stated. All care and treatment provided by Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, to Alethia M. Stevens complied with the standard of care. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and

Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens. Because the alleged agents, servants, and employees of Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, are not specifically identified, after reasonable investigation, answering defendants are without knowledge or information to form a belief as to the truth of the averments in paragraph 135 and as such, the same are denied with strict proof demanded at trial.

168.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not act negligently, carelessly, or with reckless disregard to decedent, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

169.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not act negligently, carelessly, or with reckless disregard to decedent, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

170.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

171.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not act negligently, intentionally, outrageously and willfully, or

with reckless indifference to the health and safety of decedent, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

172. Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not act negligently, intentionally, outrageously and willfully, or with reckless indifference to the health and safety of decedent, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages, and there is no basis for punitive damages.

WHEREFORE, for the foregoing reasons, Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, respectfully request that judgment be entered in their favor and that the Complaint of Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, be dismissed, with prejudice, together with costs of suit, counsel fees, and such other and further relief as this Court may deem to be just and proper under the circumstances.

## <u>COUNT III</u>

173. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, incorporate by reference their Answer to Paragraphs 1-172 of the Complaint.

174. Denied. Because the alleged agents, servants, employees, and directors of Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, are not specifically identified, after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in

paragraph 174 and as such, the same is denied with strict proof demanded at trial. By way of further response, Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

175.    Denied. Because the alleged agents, servants, employees, and directors of Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, are not specifically identified, after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 175 and as such, the same is denied with strict proof demanded at trial. By way of further response, Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not operate, manage healthcare services, or otherwise control the provision of healthcare services at Saunders Nursing and Rehabilitation, nor did they provide any care or treatment to decedent, Alethia M. Stevens.

176.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not act negligently and their actions did not exhibit willful, wanton, or reckless indifference to Alethia M. Stevens.

177.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent, did not cause plaintiff or plaintiff's decedent any claimed injuries or damages, and are not liable to plaintiff or plaintiff's decedent. By way of

further response, Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, further state:

a. The facility and equipment were properly maintained;

b. They did not employ physicians;

c. Employees were properly supervised; and

d. Appropriate rules and policies were adopted and enforced.

178.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent, did not cause plaintiff or plaintiff's decedent any claimed injuries or damages, and are not liable to plaintiff or plaintiff's decedent.

179.    Denied. Because the alleged corporate members, managers, partners, owners, and directors of Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, are not specifically identified, after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 179 and as such, the same are denied with strict proof demanded at trial. By way of further response, Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not act negligently, recklessly, or carelessly and did not cause Alethia M. Stevens any injuries or damages.

180.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier,

Joel Schwartz, and Leah Sod, were not negligent or reckless and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

181.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not act negligently, carelessly, or recklessly and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

182.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not act negligently, intentionally, outrageously and willfully, or with reckless indifference to the health and safety of decedent, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

183.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not act negligently, intentionally, outrageously and willfully, or with reckless indifference to the health and safety of decedent, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages, and there is no basis for punitive damages.

WHEREFORE, for the foregoing reasons, Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, respectfully request that judgment be entered in their favor and that the Complaint of Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, be dismissed, with prejudice, together with costs of suit, counsel fees, and such other and further relief as this Court may deem to be just and proper under the circumstances.

**COUNT IV**

184.    Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod,  incorporate by reference their Answer to Paragraphs 1-183 of the Complaint.

185.    Admitted in part; denied in part. It is admitted only that plaintiff has asserted a survival action. It is denied that there is any legal basis to assert such a claim against Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod.

186.    Denied. No one is entitled to recover against Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod.

187.    Denied.  Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent, careless, or reckless, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

188.    Denied.  Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent, careless, or reckless, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

189.    Denied.  Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod,  were not negligent, careless, or reckless, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

190.    Denied.  Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent, careless, or reckless, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

191.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not act negligently, intentionally, outrageously and willfully, or with reckless indifference to the health and safety of decedent, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

192.    Denied. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not act negligently, intentionally, outrageously and willfully, or with reckless indifference to the health and safety of decedent, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages, and there is no basis for punitive damages.

WHEREFORE, for the foregoing reasons, Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, respectfully request that judgment be entered in their favor and that the Complaint of Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, be dismissed, with prejudice, together with costs of suit, counsel fees, and such other and further relief as this Court may deem to be just and proper under the circumstances.

## **COUNT V**

193.    Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, incorporate by reference their Answer to Paragraphs 1-192 of the Complaint.

194.    Admitted in part; denied in part. It is admitted only that plaintiff has asserted a survival action. It is denied that there is any legal basis to assert such a claim against Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod.

195.    Denied. No one is entitled to recover against Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod.

196.    Denied.  Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent, careless, or reckless, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

197.    Denied.  Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent, careless, or reckless, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

WHEREFORE, for the foregoing reasons, Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, respectfully request that judgment be entered in their favor and that the Complaint of Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, be dismissed, with prejudice, together with costs of suit,

counsel fees, and such other and further relief as this Court may deem to be just and proper under the circumstances.

## COUNT VI

198.    Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, incorporate by reference their Answer to Paragraphs 1-197 of the Complaint.

199.    Denied. Decedent, Alethia M. Stevens, and her family, including Plaintiff Anna M. White-Gary, were capable of dealing with the facility on equal terms.

200.    Denied. The medical records, being in writing, speak for themselves. By way of further response, all care and treatment provided by Defendant, Lancaster Operating, LLC complied with the standard of care.

201.    Denied. The medical records, being in writing, speak for themselves. By way of further response, Alethia M. Stevens herself, as well as her family, including Anna M. White-Gary, were responsible for medical decision making.

202.    Denied. The medical records, being in writing, speak for themselves. By way of further response, Alethia M. Stevens herself, as well as her family, including Anna M. White-Gary, were responsible for medical decision making.

203.    Denied. The medical records, being in writing, speak for themselves. By way of further response, Alethia M. Stevens herself, as well as her family, including Anna M. White-Gary, were responsible for medical decision making.

204.    Denied. The medical records, being in writing, speak for themselves. By way of further response, Alethia M. Stevens herself, as well as her family, including Anna M. White-Gary, were responsible for medical decision making.

205. Denied. The medical records, being in writing, speak for themselves. By way of further response, Alethia M. Stevens herself, as well as her family, including Anna M. White-Gary, were responsible for medical decision making. By way of further response, all care and treatment provided by Defendant, Lancaster Operating, LLC, complied with the standard of care.

206. Denied. Defendant, Lancaster Operating, LLC, was not a fiduciary of, and did not owe a fiduciary duty to, decedent, Alethia M. Stevens, nor did it breach any duty to Alethia M. Stevens. By way of further response, Alethia M. Stevens herself, as well as her family, including Anna M. White-Gary, were responsible for medical decision making. By way of further response, all care and treatment provided by Defendant, Lancaster Operating, LLC, complied with the standard of care and did not have an "overmastering dominance" over Alethia M. Stevens.

207. Denied. Defendant, Lancaster, LLC, was not a fiduciary of, and did not owe a fiduciary duty to, decedent, Alethia M. Stevens, nor did it breach any duty to Alethia M. Stevens. By way of further response, Alethia M. Stevens herself, as well as her family, including Anna M. White-Gary, were responsible for medical decision making. By way of further response, all care and treatment provided by Defendant, Lancaster Operating, LLC, complied with the standard of care and did not have an "overmastering dominance" over Alethia M. Stevens.

208. Denied. Defendant, Lancaster, LLC, was not a fiduciary of, and did not owe a fiduciary duty to, decedent, Alethia M. Stevens, nor did it breach any duty to Alethia M. Stevens. By way of further response, Alethia M. Stevens herself, as well as her family, including Anna M. White-Gary, were responsible for medical decision making.

209. Denied. Defendant, Lancaster, LLC, was not a fiduciary of, and did not owe a fiduciary duty to, decedent, Alethia M. Stevens, nor did it breach any duty to Alethia M. Stevens.

By way of further response, Alethia M. Stevens herself, as well as her family, including Anna M. White-Gary, were responsible for medical decision making.

210.   Denied. Defendant, Lancaster, LLC, was not a fiduciary of, and did not owe a fiduciary duty to, decedent, Alethia M. Stevens, nor did it breach any duty to Alethia M. Stevens. By way of further response, Alethia M. Stevens herself, as well as her family, including Anna M. White-Gary, were responsible for medical decision making.  Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, did not cause any detriment to decedent, Alethia M. Stevens.

211.   Denied. Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, was not a fiduciary of decedent, Alethia M. Stevens.

212.   Denied. Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, did not owe a fiduciary duty to decedent, Alethia M. Stevens.

213.   Denied. Defendant, Lancaster Operating, LLC, was not a fiduciary of, and did not owe a fiduciary duty to, decedent, Alethia M. Stevens, nor did it breach any duty to Alethia M. Stevens.  Defendant, Lancaster Operating, LLC, was not negligent and did not cause Plaintiff or plaintiff's decedent any claimed injuries or damages.

214.   Denied. Defendant, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, did not act in bad faith and did not cause any detriment to decedent, Alethia M. Stevens.

215.   Denied. Defendant, Lancaster Operating, LLC, was not a fiduciary of, and did not owe a fiduciary duty to, decedent, Alethia M. Stevens, nor did it breach any duty to Alethia M. Stevens.  Defendant, Lancaster Operating, LLC, was not negligent and did not cause Plaintiff or plaintiff's decedent any claimed injuries or damages.

216. Denied. Defendant, Lancaster Operating, LLC, did not act negligently, intentionally, outrageously and willfully, or with reckless indifference to the health and safety of decedent, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

217. Denied. Defendant, Lancaster Operating, LLC, did not act negligently, intentionally, outrageously and willfully, or with reckless indifference to the health and safety of decedent, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages, and there is no basis for punitive damages.

WHEREFORE, for the foregoing reasons, Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, respectfully request that judgment be entered in their favor and that the Complaint of Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, be dismissed, with prejudice, together with costs of suit, counsel fees, and such other and further relief as this Court may deem to be just and proper under the circumstances.

## COUNT VII

218. Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, incorporate by reference their Answer to Paragraphs 1-217 of the Complaint.

219. Denied. Defendant, Lancaster Operating, LLC, was not a fiduciary of, and did not owe a fiduciary duty to, decedent, Alethia M. Stevens, nor did it breach any duty to Alethia M. Stevens.  Defendant, Lancaster Operating, LLC, was not negligent and did not cause Plaintiff or plaintiff's decedent any claimed injuries or damages. By way of further response, Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah

Sod, deny that a fiduciary duty existed between the facility and decedent, Alethia M. Stevens, and the facility did not have an overmastering dominance over her. Alethia M. Stevens herself, as well as her family, including Anna M. White-Gary, were responsible for medical decision making.

220.    Denied. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, deny that a fiduciary duty existed between the facility and decedent, Alethia M. Stevens. By way of further response, Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not knowingly participate or provide substantial assistance or encouragement to any breach between the facility and decedent, Alethia M. Stevens, because there were none. By way of further response, Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent and did not cause any of plaintiff's or plaintiff's decedent's claimed injuries or damages..

221.    Denied. Alethia M. Stevens herself, as well as her family, including Anna M. White-Gary, were responsible for medical decision making. By way of further response, the facility properly provided basic daily and custodial care, skilled nursing and healthcare services, safety, welfare and well-being of decedent Alethia M. Stevens.

222.    Denied. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, deny that a fiduciary duty existed between the facility and decedent, Alethia M. Stevens. By way of further response, Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not knowingly or intentionally aid and abet any breach between the facility and decedent, Alethia M. Stevens, because there were none. By way of further response, Defendants, Premier

Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent and did not cause any of plaintiff's or plaintiff's decedent's claimed injuries or damages.

223.    Denied. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, deny that a fiduciary duty existed between the facility and decedent, Alethia M. Stevens. By way of further response, Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not knowingly or intentionally aid and abet any breach between the facility and decedent, Alethia M. Stevens, because there were none. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not breach any duties, obligations, or agreements. By way of further response, Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent and did not cause any of plaintiff's or plaintiff's decedent's claimed injuries or damages.

224.    Denied. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, deny that a fiduciary duty existed between the facility and decedent, Alethia M. Stevens. By way of further response, Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not knowingly or intentionally aid and abet any breach between the facility and decedent, Alethia M. Stevens, because there were none. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not breach any duties, obligations, or agreements. By way of further response, Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not

negligent and did not cause any of plaintiff's or plaintiff's decedent's claimed injuries or damages.

225.    Denied. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, deny that a fiduciary duty existed between the facility and decedent, Alethia M. Stevens. By way of further response, Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not knowingly or intentionally aid and abet any breach between the facility and decedent, Alethia M. Stevens, because there were none. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not breach any duties, obligations, or agreements. By way of further response, Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent and did not cause any of plaintiff's or plaintiff's decedent's claimed injuries or damages.

226.    Denied. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not act negligently, intentionally, outrageously and willfully, or with reckless indifference to the health and safety of decedent, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

227.    Denied. Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not act negligently, intentionally, outrageously and willfully, or with reckless indifference to the health and safety of decedent, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages, and there is no basis for punitive damages.

WHEREFORE, for the foregoing reasons, Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, respectfully request that judgment be entered in their favor and that the Complaint of Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, be dismissed, with prejudice, together with costs of suit, counsel fees, and such other and further relief as this Court may deem to be just and proper under the circumstances.

## AFFIRMATIVE DEFENSES

228.    The Complaint of the Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, in whole or in part fails to state a cause of action upon which relief can be granted.

229.    The Complaint of the Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, may be barred by the doctrine of contributory negligence.

230.    The Complaint of the Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, may be barred and/or limited by the doctrine of comparative negligence.

231.    Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, may be barred and/or limited from recovering against Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, by the Pennsylvania Fair Share Act, 42 Pa. C.S.A. §7102 and any and all defenses or immunities under the Act are raised and incorporated by reference.

232.    The Complaint of the Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, is barred by the doctrine of assumption of risk and/or limited by that particular doctrine.

233.    Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were neither a guarantor of a cure nor warrantor of a successful result.

234.    Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, acted reasonably and properly.

235.    No act or omission by Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, was a substantial factor, proximate cause, or cause in fact of the claimed damages by the Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, in this case.

236.    If the Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, suffered any damages, which is denied by Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, then those claimed damages were caused by the acts and/or omissions of others over whom Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, had no control and no duty to control.

237.    If the Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, suffered any damages, which is denied by Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, then those damages were caused by the intervening and superseding acts of others over whom Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, exercised no control and had no duty to control.

238.    If the Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, executed a release, then all claims are barred by the doctrine of release and all release defenses are specifically pled.

239.    The Complaint of the Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, is barred by the doctrine of collateral estoppel.

240.    The Complaint of the Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, is barred by the doctrine of lis pendens.

241.    The Complaint of the Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, is barred by the doctrine of res judicata.

242.    The Complaint of Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, is barred by the two year statute of limitations.

243.    If the Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, suffered any damages, which is denied by Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, then those damages are limited by

the failure of Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, to mitigate all claimed damages.

244.    Defendant, Lancaster Operating, LLC, did not owe a fiduciary duty to decedent, Alethia M. Stevens.

245.    Defendant, Lancaster Operating, LLC, did not breach any fiduciary duty owed to decedent, Alethia M. Stevens.

246.    Defendants, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not aid or abet a breach of any fiduciary duty owed to decedent, Alethia M. Stevens.

247.    At all relevant times, Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, adhered to the applicable standards of care.

248.    Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, were not negligent, reckless, or careless and did not act intentionally, outrageously, or with reckless indifference with respect to the care provided to decedent, Alethia M. Stevens.

249.    Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not cause plaintiff or plaintiff's decedent any of the claimed injuries or damages.

250.    Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz,

and Leah Sod, did not act negligently, intentionally, outrageously and willfully, or with reckless indifference to the health and safety of decedent, and did not cause plaintiff or plaintiff's decedent any claimed injuries or damages.

251.    There is no basis for punitive damages.

252.    Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, did not owe a legal duty to Plaintiff, Anna M. White-Gary or Plaintiff's decedent, Alethia M. Stevens.

WHEREFORE, for the foregoing reasons, Defendants, Lancaster Operating, LLC d/b/a Saunders Nursing and Rehabilitation Center, Premier Healthcare Management, LLC, Jonathan Bleier, Sorah Bleier, Joel Schwartz, and Leah Sod, respectfully request that judgment be entered in their favor and that the Complaint of Plaintiff, Anna M. White-Gary, Administratrix of the Estate of Alethia M. Stevens, Deceased, be dismissed, with prejudice, together with costs of suit, counsel fees, and such other and further relief as this Court may deem to be just and proper under the circumstances.

**MARSHALL DENNEHEY, P.C.**

BY: _____

DATE: May 23, 2025

JOHN C. FARRELL, ESQUIRE
ELIZABETH UNDERWOOD, ESQUIRE
STEPHEN PURCELL, ESQUIRE
*Attorneys for Defendants,*
*Lancaster Operating, LLC d/b/a Saunders*
*Nursing and Rehabilitation Center, Premier*
*Healthcare Management, Jonathan Bleier,*
*Sorah Bleier, Joel Schwartz, and Leah Sod*